- E X H I B I T  A -

Case 1:22-cv-02118-RPK-RLM   Document 2-1   Filed 04/13/22   Page 2 of 10 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

MARIA ROCCO,

Plaintiff,

-against-

WAKEFERN FOOD CORP., INC., and SHOPRITE OF
AVENUE I.

Defendants.

Index No.:
Date Purchased:

Plaintiff designates
Kings County as
the place of trial.

**SUMMONS**

The basis of venue is
Place of occurrence

**To the above named Defendant(s)**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance,
on the Plaintiff's Attorney(s) within 20  days after the service of this summons, exclusive of the date
of service (or within 30 days after the service is complete if this summons is not personally delivered
to you within the State of New York); and in case of your failure to appear or answer, judgment will
be taken against you by default for the relief demanded in the complaint.

Dated: Uniondale, New York
        January 5, 2022

Yours, etc.,

**JENNIFER M. AHLFELD, ESQ.**
**THE LICATESI LAW GROUP, LLP**
Attorney for Plaintiff
423 RXR Plaza, East Tower
Uniondale, New York 11556
(516) 227-2662

Defendant's Address:

**WAKEFERN FOOD CORP. INC.,**
28 Liberty Street
New York, New York 10005
*Service Via Secretary of State*

**SHOPRITE OF AVENUE I**
1080 McDonald Avenue
Brooklyn, New York 11230

**PLEASE PROMPTLY FORWARD THIS DOCUMENT TO YOUR INSURANCE
COMPANY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS _____ Index No:

MARIA ROCCO,

                  Plaintiff,               **VERIFIED COMPLAINT**

     -against-

WAKEFERN FOOD CORP, INC., and SHOPRITE
OF AVENUE I,

                  Defendant.

Plaintiff, by her attorneys, THE LICATESI LAW GROUP, LLP complaining of the

Defendants, jointly and/or severally, herein alleges, upon information and belief, as follows:

      1.      That at all the times hereinafter mentioned, Plaintiff MARIA ROCCO was and still

is a resident of the County of Kings, State of New York.

      2.      That at all times hereinafter mentioned, the Defendant, WAKEFERN FOOD

CORP., INC., was and still is a foreign corporation duly organized and existing under the laws of

the State of New York.

      3.      That at all times hereinafter mentioned, the Defendant SHOPRITE OF AVENUE I

was and still is a domestic business corporation duly organized and existing under the laws of

State of New York.

      4.      That at all times hereinafter mentioned, upon information and belief, the Defendant,

WAKEFERN FOOD CORP. INC., was the owner of the property located at 1080 McDonald Ave,

Brooklyn, New York 11230.

      5.      That at all times hereinafter mentioned, upon information and belief, the Defendant,

Case 1:22-cv-02118-RPK-RLM   Document 2-1   Filed 04/13/22   Page 4 of 10 PageID #: 9

WAKEFERN FOOD CORP. INC., was the owner of a supermarket located at 1080 McDonald Ave, Brooklyn, New York.

      6.     That at all times hereinafter mentioned, upon information and belief, the Defendant, WAKEFERN FOOD CORP. INC., was the owner of a supermarket located at 1080 McDonald Ave, Brooklyn, New York known as SHOPRITE OF AVENUE I.

      7.     That at all times hereinafter mentioned, upon information and belief, Defendant WAKEFERN FOOD CORP. INC., its agents, servants and/or employees operated said supermarket located at 1080 McDonald Ave, Brooklyn, New York.

      8.     That at all times hereinafter mentioned, upon information and belief, Defendant WAKEFERN FOOD CORP. INC., its agents, servants and/or employees maintained said supermarket located at 1080 McDonald Ave, Brooklyn, New York.

      9.     That at all times hereinafter mentioned, upon information and belief, Defendant WAKEFERN FOOD CORP. INC., its agents, servants and/or employees managed said supermarket located at 1080 McDonald Ave, Brooklyn, New York.

      10.     That at all times hereinafter mentioned, upon information and belief, Defendant WAKEFERN FOOD CORP. INC., its agents, servants and/or employees controlled said supermarket located at 1080 McDonald Ave, Brooklyn, New York.

      11.     That at all times hereinafter mentioned, upon information and belief, Defendant SHOPRITE OF AVENUE I was the owner of the property located at 1080 McDonald Ave, Brooklyn, New York 11230.

      12.     That at all times hereinafter mentioned, upon information and belief, the Defendant, SHOPRITE OF AVENUE I was the owner of a supermarket located at 1080 McDonald Ave, Brooklyn, New York.

13.    That at all times hereinafter mentioned, upon information and belief, Defendant SHOPRITE OF AVENUE I, its agents, servants and/or employees operated said supermarket located at 1080 McDonald Ave, Brooklyn, New York.

14.    That at all times hereinafter mentioned, upon information and belief, Defendant SHOPRITE OF AVENUE I, its agents, servants and/or employees maintained said supermarket located at 1080 McDonald Ave, Brooklyn, New York.

15.    That at all times hereinafter mentioned, upon information and belief, Defendant SHOPRITE OF AVENUE I, its agents, servants and/or employees managed said supermarket located at 1080 McDonald Ave, Brooklyn, New York.

16.    That at all times hereinafter mentioned, upon information and belief, Defendant SHOPRITE OF AVENUE I, its agents, servants and/or employees controlled said supermarket located at 1080 McDonald Ave, Brooklyn, New York.

17.    That on or about the 14th day of November, 2021, the Plaintiff was lawfully within the aforementioned supermarket located at 1080 McDonald Ave, Brooklyn, New York when she was caused to slip and/or trip and fall as a result of a dangerous, defective, hazardous, unsafe condition then and there existing on the floor within aisle "10" of the supermarket. (Two (2) color photographs depicting the location of the accident are annexed and incorporated herein)

18.    That said dangerous, defective, hazardous, unsafe condition was caused, created, permitted and allowed to exist solely as a result of the negligence of the Defendants, jointly and/or severally, its agents, servants and/or employees in the ownership, operation, maintenance, management and control of the aforementioned premises.

19.    That as a result of the aforementioned condition, and through no fault or negligence of her own, Plaintiff MARIA ROCCO sustained severe and serious personal injuries, conscious

Case 1:22-cv-02118-RPK-RLM Document 2-1 Filed 04/13/22 Page 6 of 10 PageID #: 11

pain and suffering, as well as diverse medical expenses, and will continue to suffer in the future.

20.     That by reason of the negligence of the Defendants, jointly and/or severally, its agents, servants and/or employees, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all inferior courts.

WHEREFORE, Plaintiff demands judgment in her favor against the Defendants, jointly and/or severally, in a sum which exceeds the jurisdictional limits of all inferior courts, all together with costs and disbursements of this action.

Dated:          Uniondale, New York
                January 5, 2022

                                        Yours, etc.,

                                        **JENNIFER M. AHLFELD, ESQ.**
                                        **THE LICATESI LAW GROUP, LLP**
                                        Attorney for Plaintiff
                                        423 RXR Plaza, East Tower
                                        Uniondale, New York 11556
                                        (516) 227-2662

## ATTORNEY VERIFICATION

Jennifer M. Ahlfeld, Esq., being duly sworn, affirms and says that:

I am an attorney duly admitted to practice law in the State of New York and am associated with the firm of THE LICATESI LAW GROUP, LLP. in the within action; that I have read the foregoing **SUMMONS & COMPLAINT** and know the contents thereof, that the same is true to the best of my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true.

The reason this verification is not made by the Plaintiff, is that Plaintiff resides and is located outside the county where we maintain our offices.

The source of deponent's information and the grounds for her belief, as to those matters stated upon information and belief, are statements furnished to deponent by plaintiff, personal investigation of this matter and from records in deponent's file.

I affirm the foregoing statements to be true under the penalties of perjury.

Dated:     Uniondale, New York
           January 5, 2022

JENNIFER M. AHLFELD, ESQ.

Case 1:22-cv-02118-RPK-RLM   Document 2-1   Filed 04/15/22   Page 8 of 10 PageID #: 13





Case 1:22-cv-02118-RPK-RLM   Document 2-1   Filed 04/13/22   Page 10 of 10 PageID #: 15

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------X

MARIA ROCCO,

                        Plaintiff,

        - against -

WAKEFERN FOOD CORP, INC., and SHOPRITE
OF AVENUE I.

                        Defendant.

------------------------------------------------------------------------X

## SUMMONS & VERIFIED COMPLAINT

**THE LICATESI LAW GROUP, LLP**
**Attorneys for Plaintiff**
**Office & Post Office Address, Telephone**
**423 RXR Plaza, East Tower**
**Uniondale, New York 11556**
**(516) 227-2662**

**To**
**Attorney(s) for**
**Service of a copy of the within**                                **is hereby admitted.**

**Dated: Garden City, New York**
        **Attorney(s) for**                                **. . . . . . . . . . . . . . . . . . . .**

**Sir: Please take notice**
___      *Notice of Entry*
**that the within is a (certified) true copy of**
**duly entered in the office of the clerk of the within named court on**                        **19**
___      *Notice of Settlement*
**that an order**                        **of which the within is a true copy will be presented for**
**settlement to the HON.**                                **one of the judges**
**of the within named Court, at**
**on the**                **day of**                **20**        **at**        **M.**
**Dated,**